OLLIE STEWART V. THE STATE.

No. 17769. Delivered November 20, 1935.

The opinion states the case.

*L. H. Welch,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, fifteen years in the penitentiary.

Prosecutrix, a girl sixteen years of age, testified positively and fully to the fact of intercourse with her by appellant on

the occasion in question. She was corroborated by the physician who examined her soon afterward. She was also corroborated by the exhibition of blood upon the garments worn by her at the time which were seen and observed by her mother. No attempt was made to show that prosecutrix was a girl of bad reputation.

The defense was an alibi. Appellant undertook to show by several witnesses, most of whom were members of the same family, that he was at another place so near to the time of the alleged assault as to render improbable the story of the prosecutrix. We are not able to bring ourselves to believe with appellant's counsel, that the testimony is not sufficient to justify the verdict.

We find in the record a number of bills of exception. Bills 1 and 2 complain of the admission of testimony from the prosecuting witness that she drank whisky while on the way from her home in Breckenridge to Abilene and after she reached Abilene, and that appellant was driving the car. Each of these bills is qualified by the statement of the learned trial judge, in effect, that counsel for appellant proved by this witness that she took drinks of whisky going from Breckenridge to Abilene, and after she arrived in Abilene, on the occasion in question.

By his bill of exceptions No. 3 appellant complains of a question by the State's attorney of defense witness Ferrell, who seems to have been with appellant during the trip in question, the effect of the question being an attempt to elicit from the witness that he and appellant planned to come back on the day of the alleged assault and hold up a filling station belonging to one Happy Jack Wood. The bill shows that the witness denied having knowledge of any such conversation with the defendant, or that they planned any such hold-up. The court qualifies the bill by stating that when the question was asked he sustained the objection of the defendant, and then instructed the jury not to consider the question.

Appellant's bill of exceptions No. 4 presents appellant's complaint of a question to prosecuting witness as to whether upon her trip from Breckenridge to Abilene, or on the return trip, she observed any pistol in the car. The bill reflects the fact that when the question was asked the court instructed the jury not to consider the question about the pistol.

Bill of exceptions No. 5 complains of argument of the district attorney, in effect, that the whisky referred to by prosecuting witness was in appellant's car, and so far as the proof

went to show, that it was his whisky. We see no error in the argument in view of the court's qualification to the other bills showing that the defense elicited the fact of the transportation of the whisky.

A bill of exceptions presents objection to the testimony of the mother of prosecutrix as to the blood found by her upon the clothing of prosecutrix following the alleged rape. This testimony was in all respects admissible. Nor do we observe anything objectionable in the production of said garments upon the trial and their examination and identification in the presence of the jury, By virtue of his testimony as to an alibi, appellant was in effect denying the intercourse, and the blood upon the under-garments of the prosecutrix would apparently strongly tend to support her claim of outrage.

Bills of exception 10 and 11 appear to be but a recapitulation of matters complained of in other bills of exception which have already been discussed. What we have just said is true also of appellant's bill of exceptions No. 12 complaining of a question by the prosecuting attorney to witness Ferrell in reference to his having a pistol or having seen a pistol in the car on the trip from Breckenridge to Abilene on the day in question.

We have carefully gone over this case in the light of the well prepared brief filed by the attorney representing appellant upon his appeal to this court, but are unable to bring ourselves to believe that the record exhibits any error, and the judgment will be affirmed.

*Affirmed.*